UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 08-30007-MGM

UNITED STATES OF AMERICA

v.

ABISMAEL MARTINEZ

ORDER

Robertson, M.J.

Defendant Abismael Martinez is charged by petition filed by the U.S. Probation Department with violations of his conditions of supervised release. The Probation Department credibly alleges that, on May 19, 2018, Mr. Martinez violated his conditions of supervised release by: (1) committing a state crime; (2) excessive use of alcohol; and (3) associating with a convicted felon. The Court held an initial appearance on June 5, 2018, at the conclusion of which the Court entered a temporary detention order. Following consultation with counsel, Mr. Martinez waived a preliminary hearing. Before the court is Mr. Martinez's motion for release from custody pending further proceedings. Following a June 18, 2018 hearing, this order grants Mr. Martinez's motion for release from federal custody pending further proceedings on the petition and supersedes the temporary detention order entered following the June 5, 2018 initial appearance.

Pursuant to Fed. R. Crim. P. 32.1(a)(6), the court may release or detain a person alleged to have violated a condition of supervised release pending further proceedings. The defendant has the burden of establishing by clear and convincing evidence that there are conditions of supervised release that will reasonably assure that he does not pose a risk of flight or non-

1

appearance or pose a danger to any other person or to the community. Fed. R. Crim. P. 32.1(a)(6).

The defendant satisfies his burden of proof with relative ease on the issue of risk of flight or nonappearance. He has deep and longstanding family ties in this community that were reflected in the presence in court of numerous members of his family who strongly support him and in letters from family members, a friend, and his employer. There was no evidence that he has ties in other countries or jurisdictions or has the financial resources to leave this jurisdiction.

The government (and the Probation Department) rest their case for prehearing detention principally on the danger posed by Mr. Martinez to others and himself as shown by the conduct in which he allegedly engaged on May 19, 2018 which resulted in state court charges for failure to yield or stop; driving at speeds greater than reasonable; operating under the influence of alcohol; assault and battery with a dangerous weapon (a car); leaving the scene of personal injury; failure to stop for the police; reckless operation of a motor vehicle; and resisting arrest. The contents of the police report, set forth in the petition, paint a picture of reckless and serious criminal misconduct that endangered the general public, police officers, and the defendant himself. Through counsel, Mr. Martinez admits that his actions on May 19, 2018 posed a danger to the community. The events on May 19, 2018 followed an incident in February 2018 when Mr. Martinez left the jurisdiction without permission to go to a casino in Connecticut, where he was arrested and charged with a breach of the peace following a physical altercation with his adult son. The Probation Office notified the court of this incident, but chose to deal with it administratively. As part of the resolution of this incident, Mr. Martinez agreed to participate in a cognitive behavioral program, which he completed. Given the gravity of the present

allegations, following the incident in February 2018, the government's motion for prehearing detention is well justified.

To meet his burden of proof on the issue of danger to the community, Mr. Martinez relies on his achievements while on supervised release during the last three and a half years.[1] He has been employed since August of 2016 by Preferred Freezer Services of Westfield. His employer states that he has been an exemplary employee who is eligible to return to work at any time. Mr. Martinez's conviction in or around 2004 was for possession with intent to distribute cocaine base and heroin. Mr. Martinez's supervising Probation Officer confirmed that Mr. Martinez has generally been drug free during this three and a half year period of supervision. When he tested positive for marijuana, he was told to cease using it and he did so. The evidence showed that he provides financial and emotional support for his family. His supervising Probation Officer acknowledges that Mr. Martinez has made positive changes in his life and attitude during this period of supervision. Mr. Martinez addressed the court concerning the progress he has made and his current circumstances, which are also reflected in letters of support submitted to the court.

Fed. R. Crim. P. 32.1(6) refers the court to the provisions of the Bail Reform Act, 18 U.S.C. § 3141 *et seq*., for purposes of determining whether an individual who is alleged to have violated conditions of release should be released or detained pending further proceedings. Thus

---

[1] Mr. Martinez was convicted in or around 2004 for possession with intent to distribute heroin and cocaine base. He was placed on supervised release for 36 months beginning on or around January 2008. He violated his conditions of supervised release (he failed to comply with home detention and failed to be truthful with his probation officer) and was sentenced to 6 months of custody followed by 24 months of supervised release. Supervision re-commenced on July 9, 2010. Close to the end of this second term of supervised release, he violated his conditions of supervised release by committing a crime, associating with a felon, and failing to maintain employment. He was sentenced to time served (17 months and 18 days) followed by 4 years of supervised release. Supervision re-commenced on October 8, 2014.

3

the question before the court is whether Mr. Martinez has shown by clear and convincing evidence that there are conditions of supervised release that can reasonably assure the safety of the community if he is released pending further proceedings. *Cf. U.S. v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990) (construing statute in pretrial release case). Mr. Martinez's violations of his conditions in February and May 2018 occurred in the evening while he was away from home, apparently socializing and involved drinking. In light of this fact, in the court's view, the imposition of a curfew enforced by electronic location monitoring, with the times at which Mr. Martinez is permitted to be absent from home established in the discretion of Mr. Martinez's supervising Probation Officer, along with the posting of a secured bond of $2,000 with the money to be posted by Mr. Martinez or his family members, in addition to the existing conditions of supervised release, will reasonably assure the safety of the community pending further proceedings. An order of supervised release conditions incorporating the existing and additional requirements is attached hereto as exhibit 1.

The Clerk's Office is directed to schedule a hearing concerning the conditions set forth in this order at which Mr. Martinez shall be present. Mr. Martinez is currently in state custody subject to a federal detainer. In the event that he posts bail in the state court, he will not be released from federal custody until the conditions of supervised release are satisfied, including the installation of the location monitoring equipment and the posting of the bond.

It is so ordered.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
Dated: June 21, 2018                     United States Magistrate Judge